# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Titus T. Bride,<br><br>    Petitioner,<br><br>v.<br><br>Warden Susan McClintock,<br><br>    Respondent. | CV-13-136-TUC-JGZ (JR)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Titus T. Bride's Petition for Writ of Habeas Corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2241. Respondent filed a Return and Answer (Doc. 9). In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice.

## I. BACKGROUND

### A. Conviction and Sentence

On April 14, 2006, in the United States District Court for the Western District of Washington, Bride was sentenced to a term of imprisonment of 228 months for one count of Conspiracy to Distribute Cocaine Base, two counts of Distribution of Cocaine Base, two counts of Distribution of Cocaine, and one count of Possession of a Firearm by a Convicted Felon. (*See* Declaration of Barbara Brown ("Brown Decl."), ¶ 4, Att. 2.) Bride is incarcerated in the custody of the Federal Bureau of Prisons ("BOP") and is housed at the Federal Correction Institution in Safford, Arizona ("FCI Safford"). (*Id*., ¶ 4.) His projected release date is January 30, 2021. (*Id*., ¶ 4, Att. 2.) Bride challenges his individualized BOP classification score.

### B. Inmate Classification

Program Statement 5100.08 ("PS 5100.08") provides the policy and procedure regarding the BOP's inmate classification system and is intended to "place each inmate in the most appropriate security level institution that also meets their program needs and is consistent with the Bureau's mission to protect society." PS 5100.08(1); Ch. 1, p. 1.[1] The classification system uses a point scoring system to analyze an inmate's characteristics. *Id*., Ch. 1, p. 2. Under the system, the points are tallied and the resulting security point score determines the security level of the facility in which the inmate will be held. For male prisoners, the point totals range from 0 to 24+, and the security levels range from minimum to high. *Id*.; Brown Decl. ¶ 5.

---

[1] PS 5100.08 is available at http://www.bop.gov/policy/progstat/5100-008.pdf

One of the factors considered in determining an inmate's security point score is the severity of the inmate's offense. This factor requires BOP to assign a number of points, ranging from 0 to 7, to reflect "the most severe documented instant offense behavior regardless of the conviction offense." *Id*., Ch. 4, p. 7. Under PS 5100.08, any drug offender must be scored in the Greatest Severity category, and assigned 7 points, if the "offender was part of an organizational network and he or she organized or maintained ownership interest/profits from **large-scale** drug activity \*\*\*and\*\*\* The drug amount equals or exceeds" a specified amount for each type of drug. *Id*., App. A, p. 1; Brown Decl. ¶¶ 8-9.

The security point score is not the only factor used to determine the appropriate security level for an inmate. PS 5100.08 also provides for the consideration of Public Safety Factors ("PSF"). "The application of a PSF overrides security point scores to ensure the appropriate security level is assigned to an inmate, based on his or her demonstrated current or prior behavior." *Id*., Ch.1, p. 2; Ch. 2, p. 5 (PSF definition).

In this case, Bride's Presentence Report ("PSR") identified him as a leader and organizer of a drug distribution network. Brown Decl. ¶ 10, Att. 6. The PSR reflects that the network was accountable for the distribution of 2798.5 grams of cocaine and 876.75 grams of cocaine base, and attributed the drug quantities to Bride as a leader and organizer. *Id*. Based on the drug quantities, which are categorized as "large scale" under PS 5100.08, and his leadership role, Bride's classification includes a Greatest Severity PSF. Bride contends that this determination is based on a misinterpretation of his PSR and the Greatest Severity Classification is improper under PS 5100.08.

- 3 -

## II.     DISCUSSION

Bride raises one claim in his Petition, which he describes as follows:  "Petitioner is challenging the failure of the BOP to properly interpret and apply the 'Definition of Roles Involved In Drug Offenses' under Program Statement 5100.08 as it relates to classifying the severity of an inmate[']s current status."  *Memorandum of Law In Support of Petition For Writ of Habeas Corpus* ("*Petitioner's Memorandum*"), p. 1.  Bride argues that his Public Safety Factor classification of "Greatest Severity" is not supported by the relevant facts and, therefore, the BOP should be ordered to remove the classification.  *Id*., pp. 4-8.

### B.     Jurisdiction

Respondent contends that Bride's Petition must be denied and the case be dismissed because the Court does not have subject matter jurisdiction to review the BOP's classification decision.  The Court agrees.

A District Court has jurisdiction to consider a petition under 28 U.S.C. § 2241 if the petitioner is challenging the legality of the "manner, location, or conditions of the execution of a sentence of a sentence."  *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  However, habeas jurisdiction is absent where a successful challenge to the manner, location or conditions would not accelerate the petitioner's release.  *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003).  Claims that merely challenge a petitioner's classification by the BOP without potentially shortening the petitioner's sentence are not cognizable in a federal habeas petition.  *See Estrada v. Chavez*, CV 08-1358-PHX-NVW (LOA), 2009 WL 1383328 at *5 (D.Ariz. May 15, 2009) (holding a prisoner's challenge to changes to the PS 5100.08 scoring system did not affect the execution of his sentence

and, therefore, the court lacked habeas jurisdiction under § 2241); *see also Franklin v. Gipson*, CV 12-7411-R-PLA, 2013 WL 1339545 at *2 (C.D.Cal. Feb. 19, 2013); *Lerma v. Gutierrez*, CV 11-07996-PSG-VBK, 2012 WL 1320145 (C.D.Cal Mar. 7, 2012).

Additionally, in *Reeb v. Thomas*, 636 F.3d 1224 (9th Cir. 2011), the Ninth Circuit held that 18 U.S.C. § 3625 precludes judicial review of "any determination" by BOP made pursuant to 18 U.S.C. §§ 3621-3624. *Id*. at 1227. Habeas challenges to such determinations are precluded because "[t]o find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625." *Id*. Although *Reeb* involved a challenge to a BOP determination that the petitioner could not participate in a residential drug abuse program as opposed to the security classification at issue here, the difference is immaterial because both determinations are made pursuant to § 3621. *See* PS 5100.08(1) ("The Bureau's classification, designation and redesignation procedures are consistent with the statutory authority contained in 18 U.S.C. § 3621(b).") *Reeb* also reiterated that "[a] habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law." 636 F.3d at 1227.

In sum, Petitioner does not present any grounds upon which the Court can grant relief under 28 U.S.C. § 2241. He does not challenge the duration of his sentence, but rather, his individualized BOP classification score. As such, the Court does not have jurisdiction to address his claim.

### III. RECOMMENDATION

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, **deny** Bride's Petition for Writ of Habeas Corpus (Doc. 1).

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Replies shall not be filed without first obtaining leave to do so from the District Court. If any objections are filed, this action should be designated case number: **CV 13-0136-TUC-JGZ**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003)(*en banc*).

Dated this 11th day of December, 2014.

Jacqueline M. Rateau
United States Magistrate Judge